IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON A. RODRIGUEZ
Plaintiff
vs
DOW CORNING CORPORATION
Defendant

CIVIL 03-1572CCC

**O R D E R**

      This action is before us on Defendant's Motion for Reconsideration filed May 27, 2005 **(docket entry 81)** and plaintiff's opposition **(docket entry 84),** to which defendant replied **(docket entry 87).** Defendant seeks clarification that the only remaining claims under Title VII and Law 100 are limited to the issue of relocation package and benefits and that the claim for discriminatory dismissal is time barred. Dow argues that relocation does not constitute an adverse employment action where there is no reduction of title, salary, benefits, or any other material aspects of employment, and, therefore, the complaint should have been dismissed.

      We first address the issue raised on reconsideration of whether there was just cause under Law 80 for plaintiff's discharge.

      Rodríguez was notified no later than January 17, 2002, that his position in Puerto Rico was eliminated and that he could transfer to a position in the northeastern United States if he wanted to continue working with the company. By that time Dow had closed its offices in Puerto Rico and plaintiff was the only remaining employee here. He was told that if he did not relocate, he would be given a severance package. That is, there was no longer a position in Puerto Rico for him to hold. The reason he remained working for the company from Puerto Rico beyond March, 2002, the original date by which he was asked to relocate to the Northeast, was Dow's acquiescence to his repeated excuses for delaying his relocation. The termination of his employment in Puerto Rico was unambiguously stated when he was initially notified in mid January. "In wrongful discharge suits, such as the case before us, 'the statute of limitations begins to run when the plaintiff learns of the decision to terminate his

CIVIL 03-1572CCC                                        2

employment.' To qualify as the accrual date, it is only necessary that 'the employee reliably knew he had lost his job, not the date when the employer dotted a particular 'i' or crossed a particular 'trial'." Ruiz-Sulsona v. University of Puerto Rico, 334 F.3d. 157,159 (1st Cir. 2003) quoting Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). See, also, Green v. Town of Brookline 111 F.3d. 122 (1st Cir. 1997). Thus the complaint having been filed on May 27, 2003, Rodríguez' claim under Law 80 for unjust discharge is time-barred. We also note that Dow's decision to close down the last vestige of its operation in Puerto Rico constitutes "just cause" under Law 80.

Plaintiff initially included a claim based on alleged violations of the Americans With Disabilities Act, 42 U.S.C. §12101, et seq., and Puerto Rico Law 44, 1 L.P.R.A. §501, for discrimination at the moment he was told that Dow would not further extend the deadline for his relocation any further. He later withdrew these claims in the Pretrial Order (docket entry 39 at 28).

The remaining issues do not relate to the relocation *per se*, but to the benefits being given to facilitate relocation. While a transfer may in itself not be adverse, differences between what is offered for relocation expenses and benefits can result in a *de* facto reduction of pay and, if the decision to provide lower benefits and rental support is made for discriminatory reasons and to the detriment of the employee, he has a claim for discrimination. Material, disadvantageous changes include transfers that result in a loss of salary and benefits. Gu v. Boston Police Department, 312 F.3d. 6, 14 (1st Cir. 2002).

In the material submitted for consideration of the motion for summary judgment, plaintiff stated that various defendants made comments supporting discriminatory animus in the decisions regarding what to provide to him as a relocation package. Defendants, in their sworn statements, denied having told him that he was being given less, that it was enough, or that it was all he deserved as a Puerto Rican. This created a credibility issue as to who made or didn't make the alleged statements. The real issue however, is not the statements themselves, but the

CIVIL 03-1572CCC                                              3

truth of their content. This is the core of what plaintiff must establish. Although both parties offered evidence as to the statements, and defendants offered evidence of their policies and their belief that plaintiff was delaying his move in an effort to get a better transfer package, neither party offered evidence of specific cases of employees in similar circumstances who received more favorable or the same relocation benefits.

In our opinion entered May 16, 2005 (docket entry 78) at page five (5), we summarized plaintiff's dilemma: "if [Rodríguez ] went through with the sale of his house in August, he would have to be renting in two places. He implied that he could not afford that and therefore could not complete the sale because Dow had not agreed to cover the cost of the rental." He contends that the company granted people going to the Northeast a cost of living allowance and he was not. His deposition testimony provided specific instances of expressions by officials of defendant manifesting a discriminatory animus with regard to the relocation assistance.[1]  We therefore find that there are issues of fact as to whether similarly situated employees received more advantageous relocation benefits which preclude summary judgment.

The only pending matter for trial is issue of discrimination on the basis of nation origin under Title VII and Law 100 as to the relocation package. Defendant's Motion for Reconsideration **(docket entry 81)** is GRANTED in part as to the Law 80 claim and DENIED as to remaining discrimination claim.

Partial Judgment will enter dismissing the Law 80 claim.
SO ORDERED.
At San Juan, Puerto Rico, on November 4, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[1] These appear at pp. 5-6 of the Opinion and Order filed May 15, 2005. (docket entry 78)